## BAUNE vs. THOMASSIN.

APPEAL from the court of the parish and city of New-Orleans.

An action of slander cannot be commenced by process of attachment.

MARTIN, J. delivered the opinion of the court. The plaintiff complains that the defendant, intending to deprive him of his good fame, made use of several opprobious expressions towards him, struck him with a cane, and otherwise abused and injured him. Reparation was sought by an action of attachment, the defendant having removed out of the state. The plaintiff had a verdict and judgment, and the defendant appealed.

The appellant's counsel urges that the court erred in discharging a rule granted against the plaintiff, to shew cause why the suit should not be dismissed, as the law does not authorise process of attachment in a case like the present.

In the case of *Cross* vs. *Richardson*, *vol.* 2, 323, we held that, by the act of 1817, some kinds of damages are to be excluded from the operation which allows process of attachment: for it does not extend it to *all* cases of damages absolutely, but restricts it to damages *ascertained and specific*. We then sustained a suit by attachment in a case in which the defendant, having been entrusted with the management of the plaintiff's store, had wasted the money he received, and sold a quantity of goods which he failed to account for: because there the plaintiff could well ascertain the amount of the damages he was entitled to, inasmuch as it did not depend on his opinion of the wrongs inflicted on his *feelings*, reputation, or person. We are not dissatisfied with the opinion there expressed. Some cases of damages are certainly excluded. The exclusion does not appear to us too broad, and it is necessary to give effect to the words of the legislator.

According to this rule, we do not consider the present as a case to which relief is extended by the process of attachment. We think the court below ought to have dismissed the plaintiff's suit.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed,—and the plaintiff's petition be dismissed with costs in both courts.

*Canon* for the plaintiff, *Seghers* for the defendant.